*Tuesday, June 3, 1997*

## DISCIPLINARY DOCKET

### BEFORE THE COMMISSION OF FIVE JUDGES
### APPOINTED BY
### THE SUPREME COURT OF OHIO

In re Judicial Campaign Complaint                    Case No. 96–2495
    Against Lee Hildebrandt, Jr.

## ORDER

This matter came before the commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II, Section 5(E)(1) and R.C. 2701.11 following the Supreme Court's dismissal of the respondent's appeal by order of May 21, 1997. The commission met by telephone conference on June 2, 1997. Upon further consideration of this matter, the commission hereby orders that the respondent be suspended from judicial office without pay for a period of six months, effective June 17, 1997. The entire term of the suspension is stayed, and the respondent is placed on probation for a period of six months subject to the respondent's compliance with all of the following:

1. On or before June 17, 1997, the respondent shall pay a fine of $15,000 and costs of these proceedings, as outlined in the statements of necessary expenses filed by the secretary of the Board of Commissioners on Grievances and Discipline on November 7 and November 15, 1996 and by the secretary of this commission on April 9, 1997. The fine and costs shall be made payable to the Clerk of the Supreme Court of Ohio by certified check or money order.

2. On or before June 17, 1997, the respondent shall pay complainant's attorney fees and expenses in the amounts set forth in this commission's order of January 27, 1997. Payment of these attorney fees and expenses shall be made directly to the complainant or his designated representative.

3. On February 5, 1997, counsel for the respondent submitted a draft public statement of the respondent for review and approval as required by the commission's order of January 27, 1997. See Appendix B. In view of the stay issued by the Supreme Court on February 6, 1997, this statement was not reviewed by the commission at that time. Having now reviewed the draft statement (Appendix B), we conclude that it attempts to justify conduct that has been found improper under the Code of Judicial Conduct by a hearing panel of the Board of Commissioners on Grievances and Discipline and by this commission and, accordingly, is wholly inappropriate as a discerning letter of public apology. The commission has prepared a revised statement, which is attached to this order as Appendix A. The commission orders that the public statement (Appendix A) be distributed by the respondent to the complainant and all radio stations, television stations, and newspapers of general circulation within Hamilton County prior to June 17, 1997.

4. The respondent shall certify his compliance with paragraphs 2 and 3 of this order to the secretary of this commission.

This order is subject to the continuing jurisdiction of the commission and may be modified by future orders.

**So ordered.**

_____

/s/Judge David A. Ellwood, Chairman

_____

/s/Judge James D. Sweeney

/s/Judge R. Scott Krichbaum

/s/Judge Charles E. Henry

/s/Judge John R. Adkins

## APPENDIX A

### PUBLIC APOLOGY OF LEE HILDEBRANDT, JR., JUDGE, FIRST DISTRICT COURT OF APPEALS

I currently serve as Judge of the First District Court of Appeals in and for Hamilton County, Ohio, having been reelected in 1996. During the 1996 election campaign, I published information about my opponent, Mr. David Mann, Esq. Mr. Mann criticized the content of my advertising, and I discounted his complaint. Mr. Mann filed a complaint against me with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.

The Board convened a hearing panel consisting of three current and former members of the Board. The hearing panel found that my conduct in the election violated the Code of Judicial Conduct. Those are rules that I have sworn to uphold. Principally, the Board found that I:

- failed to maintain the dignity appropriate to judicial office;

- knowingly misrepresented * * * any fact of an opponent;

- being a judicial candidate, either knowingly or with reckless disregard * * * broadcast information concerning * * * an opponent either knowing the information to be false or with a reckless disregard of whether it was false or, if true, that it would be deceiving or misleading to a reasonable person.

On November 4, the Board hearing panel issued findings that included a recommendation that I stop using my advertisements, with which I complied immediately. The Supreme Court of Ohio convened a commission of five disinterested judges from different courts in Ohio to review the Board's findings and recommendation. That commission of judges found that I should be **suspended from judicial office** for a period of six months unless I do all of the following:

- pay a fine of $15,000 and all costs of the disciplinary proceedings;

- issue a public statement of apology to Mr. Mann and the citizens of Hamilton County;

- repay Mr. Mann for legal fees and expenses totaling $7,963.50 he incurred to process his complaint before the Board hearing panel and the commission appointed by the Supreme Court.

I accept responsibility for my actions and the sanctions imposed by the commission appointed by the Supreme Court. It is with the utmost regret for my actions that I apologize to Mr. David Mann, Esq. and the citizens of Hamilton County, Ohio.

I will be diligent in my efforts as a judge and will earnestly strive to restore your trust and confidence in me. I will, at all times, conduct myself in a manner so as to maintain the dignity of my office.

Very sincerely,

Lee Hildebrandt, Jr.

## APPENDIX B

### PUBLIC STATEMENT OF LEE HILDEBRANDT, JR.

I am currently a Court of Appeals Judge with the 1st District Court of Appeals. I have held this position for 12 years. During my tenure as a judge I have been involved in two other campaigns, and have never been previously disciplined or cited for prior disciplinary code violations.

This letter to the people of Cincinnati and David Mann explains what occurred during the course of my recent campaign for reelection, and apologizes for actions taken during that campaign.

In 1996 I was involved in a race for reelection to the 1st District Court of Appeals. During the race my campaign committee prepared and I approved two ads, one radio and the other television, containing the following phrases:

"Oh, I remember David Mann. According to the district attorneys he voted in Congress to end the death penalty" and;

"Wait, this is the same David Mann who was on City Council, ran for judge, then dropped out, then ran for Congress and lost?"

I reviewed both the content of the ads and background research supporting this text prior to the ads being aired. I believed the ads were factual and consistent with the Judicial Canons that regulate the content of political advertising.

My opponent in the race, former Congressman David Mann, believed this language falsely related his voting record on the death penalty and his progression through elective offices. As a result he filed a complaint against me and my campaign committee before the Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court. He alleged that my campaign committee and I violated Canons 7(B)(1), 7(B)(2)(f), and 7(E)(1) of the Ohio Code of Judicial Conduct. Canon 7(B)(1) provides:

A judge and [sic, or] judicial candidate shall maintain the dignity appropriate to judicial office. Canon 7(B)(2)(f) provides:

A judge or judicial candidate shall not do any of the following:

(f) Knowingly misrepresent his ... [any] fact of an opponent.

And Canon 7(E)(1) provides:

... a judicial candidate ... [in] an advertisement on radio or television ... shall not knowingly or with reckless disregard do any of the following:

(1) ... broadcast [ ... ] information concerning ... an opponent[,] either knowing the information to be false or with a reckless [disregard] of whether or not it was false or, if true, that would be deceiving or misleading to a reasonable person.

It was my belief that the ads accurately conveyed Mr. Mann's acknowledged vote in favor of the Racial Justice Act and a quote from the newspaper USA Today: "The National District Attorneys Association, representing 7,000 prosecutors, says a vote for the act is 'a vote to end the death penalty.'" It was also my belief that the people in Cincinnati who heard the radio ad knew that David Mann had been elected to Congress and so they would not be misled by the phrase "Wait, this is the same David Mann who was on City Council. ..."

It was never my intention to mislead the citizens of Cincinnati, convey false or misleading information about David Mann, or fail to maintain the dignity of my office. After I received Mr. Mann's letter complaining about my ads' characterization of his vote regarding the death penalty, I again reviewed the ads and underlying research materials. I still believed that the ads were both truthful and consistent with Canon 7.

A Commission of Judges appointed by the Ohio Supreme Court heard this case and disagreed with my understanding of the law. They held that I was in violation of Canon 7 of the Code of Judicial

Conduct based on a finding of misconduct. Specifically, they believed that the ads were misleading, were not appropriate for a judicial campaign, and I should have quit running the ads once I was notified that the content of the ads was false.

I accept responsibility for my actions and the sanctions imposed by the Commission. I also apologize to Mr. Mann and the people of Cincinnati for my actions. During this term, I will strive to restore your confidence in me and this office. I will be diligent in my efforts as a judge. I will ensure that I maintain the dignity of my office and, at all times, conduct myself in a manner that reflects the faith and confidence that you, the people of Cincinnati, have shown by reelecting me to this office.

Lee Hildebrandt, Jr.